UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASSANDRA HARRISON,

    Plaintiff,

v.                            Case No: 2:19-cv-17-FtM-99MRM

REDBULL DISTRIBUTION COMPANY, INC., a Foreign Profit Corporation, CIRCLE K STORES, INC., a Foreign Profit Corporation, and JOHN DOE,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on defendant Red Bull Distribution Company, Inc's Motion to Dismiss Plaintiff's Complaint (Doc. #6) filed on January 10, 2019. Plaintiff filed a Response in Opposition (Doc. #24) on February 7, 2019. For the reasons set forth below, the Motion is granted in part with leave to amend.

**I.**

On November 15, 2018, plaintiff Cassandra Harrison filed a four-count Complaint in state court, alleging common law negligence claims and premises liability. (Doc. #3.) On January 9, 2019, defendants removed the case to this Court on the basis of diversity jurisdiction. (Doc. #2.)

The Complaint sets forth the following facts: On or about April 27, 2018, plaintiff was a customer at a Circle K convenience store in Port Charlotte, Florida. (Doc. #3, ¶ 8.) While shopping, plaintiff was struck by a product that fell from a handcart while she was in the aisle or customer accessed area, sustaining injuries. (Id., ¶ 10.) Plaintiff names Circle K and Red Bull as defendants, as well as "John Doe", a Red Bull employee who was working as a product vendor delivering the product that injured her.

Plaintiff brings the following claims against Red Bull: vicarious liability (Count III) and negligence (Count IV), as well as a claim for premises liability against Circle K (Count I) and negligence against John Doe (Count II). Red Bull moves to dismiss Counts III and IV for failure to state a claim, or in the alternative, for a more definite statement.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief

above the speculative level." Id. at 555, 127 S. Ct. 1955. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth", Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

Counts III and IV allege both direct and vicarious liability claims against Red Bull.

**A. Direct Negligence (Count IV)**

Under Florida law, "[t]o maintain an action for negligence, a plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages." <u>Florida Dep't of Corr. v. Abril</u>, 969 So. 2d 201, 204 (Fla. 2007). "The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." <u>McCain v. Fla. Power Corp.</u>, 593 So. 2d 500, 502 (Fla. 1992) (citations omitted).

Count IV alleges that Red Bull "owed a duty of reasonable care to Plaintiff in operating its distribution company business to properly instruct and/or direct and/or train and/or supervise its employees, including John Doe, who did not have the skill, knowledge or tools, to safely deliver product to the convenience store." (Doc. #3, ¶ 25.) It is further alleged that Red Bull breached this duty of care by "failing to put proper policy in place and failing to properly train and/or supervise its employees, including John Doe, in safely delivering product to the convenience store" resulting in harm to plaintiff. (<u>Id.</u>, ¶ 26.) Thus,

plaintiff alleges direct liability under both negligent supervision and negligent training theories.

**1. Negligent Supervision**

As pled, the negligent supervision claim fails because plaintiff must allege acts taken by an employee that occurred outside the scope of the employee's employment. See Daley v. Scott, 2:15-cv-269-FtM-29DNF, 2015 WL 4999215, *4 (M.D. Fla. Aug. 19, 2015); see also Johnson v. Scott, No. 2:13-cv-500-FtM-38UAM, 2013 WL 5928931, at *5 (M.D. Fla. Nov. 1, 2013) ("A negligent hiring, retention, or supervision claim is allowed against an employer for acts of an employee committed outside the scope and course of employment."). Thus, as Red Bull correctly contends, plaintiff must allege that the subject employee – here, John Doe – was acting outside the scope of his employment at the time he committed the acts giving rise to plaintiff's claims. The Complaint contains no such allegations. Furthermore, liability attaches when an employer (1) knows or should know about the offending employee's unfitness and (2) fails to take appropriate action. See Garcia v. Duffy, 492 So. 2d 435, 438–439 (Fla. 2d DCA 1986). Again, there are no such allegations under Count IV that Red Bull had such knowledge. Thus, the motion to dismiss the negligent supervision theory is granted with leave to amend.

**2. Negligent Training**

Under Florida law, an employer may be liable in tort for reasonably foreseeable damages resulting from the negligent training of its employees and agents. See, e.g., McFarland & Son, Inc. v. Basel, 727 So. 2d 266 (Fla. 5th DCA 1999). "Negligent training occurs when an employer was negligent in the implementation or operation of the training program." Gutman v. Quest Diagnostics Clinical Laboratories, Inc., 707 F. Supp. 2d 1327, 1332 (S.D. Fla. 2010) (citing Mercado v. City of Orlando, 407 F.3d 1152, 1162 (11th Cir. 2005)). "[A]s in other negligence causes of action, the conventional elements of duty, breach, causation, and damages must be shown in negligent training claims." Wynn v. City of Lakeland, 727 F. Supp. 2d 1309 (M.D. Fla. 2010). A plaintiff asserting a negligent training claim must allege that she was harmed as a result of an employer's failure to adequately train an employee, and that the nature of the employment put the plaintiff in a "zone of risk" such that the employer had a duty running to the plaintiff. Clary v. Armor Corr. Health Servs., Inc., No. 13-90, 2014 WL 505126, *4-5 (M.D. Fla. Feb. 7, 2014).

Here, plaintiff alleges that she was harmed when Red Bull's employee operated his handcart in a negligent manner while distributing Red Bull's product to a Circle K convenience store. Harrison contends that her injuries resulted from Red Bull's negligent failure to train its employees regarding safe delivery

of its product to the convenience store. Drawing all permissible inferences in the Harrison's favor, the Complaint pleads sufficient facts to show that Harrison, as a Circle K customer, was in a reasonably foreseeable zone of risk from the actions of Red Bull's delivery employee such that a legal duty of care in training the delivery employee ran from Red Bull to Harrison. Accordingly, the Court finds that plaintiff has pled sufficient facts to sustain her theory of negligent training.

### B. Vicarious Liability (Count III)

Count III alleges that Red Bull is vicariously liable for the negligent acts of its employees, including John Doe, who was acting in the course and scope of employment and/or agency and furthering Red Bull's purpose when plaintiff was injured. (Doc. #3, ¶ 20.) Plaintiff alternatively alleges that Red Bull is vicariously liable for the negligent acts of John Doe as Red Bull could have "expected and/or foreseen and/or did ratify John Doe's conduct which resulted in injury to Plaintiff." (Id., ¶ 21.) Count III incorporates the paragraphs of the negligence count alleged against John Doe. (Id., ¶ 19.)

Under Florida law, "an employer cannot be held [vicariously] liable for the tortious or criminal acts of an employee, unless the acts were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer." Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.,

of its product to the convenience store. Drawing all permissible inferences in the Harrison's favor, the Complaint pleads sufficient facts to show that Harrison, as a Circle K customer, was in a reasonably foreseeable zone of risk from the actions of Red Bull's delivery employee such that a legal duty of care in training the delivery employee ran from Red Bull to Harrison. Accordingly, the Court finds that plaintiff has pled sufficient facts to sustain her theory of negligent training.

### B. Vicarious Liability (Count III)

Count III alleges that Red Bull is vicariously liable for the negligent acts of its employees, including John Doe, who was acting in the course and scope of employment and/or agency and furthering Red Bull's purpose when plaintiff was injured. (Doc. #3, ¶ 20.) Plaintiff alternatively alleges that Red Bull is vicariously liable for the negligent acts of John Doe as Red Bull could have "expected and/or foreseen and/or did ratify John Doe's conduct which resulted in injury to Plaintiff." (Id., ¶ 21.) Count III incorporates the paragraphs of the negligence count alleged against John Doe. (Id., ¶ 19.)

Under Florida law, "an employer cannot be held [vicariously] liable for the tortious or criminal acts of an employee, unless the acts were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer." Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.,

783 So. 2d 353, 356 (Fla. 3d DCA 2001) (citations omitted). An employee's conduct is within the scope of his employment when it "(1) is of the kind the employee is hired to perform, (2) occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) is activated at least in part by a purpose to serve the master." <u>Goss v. Human Servs. Assocs., Inc.</u>, 79 So. 3d 127, 132 (Fla. 5th DCA 2012). An employer would be liable for its agent's acts occurring within the scope and course of the agency relationship, so long as those acts breached a duty of care owed to the plaintiff and that breach caused the plaintiff to suffer damages. <u>See, e.g.</u>, <u>Bennett v. Godfather's Pizza, Inc.</u>, 570 So. 2d 1351 (Fla. 3d DCA 1990).

Here, plaintiff alleges that John Doe, a Red Bull employee, was acting within the scope of his employment when he was delivering the product on Red Bull's behalf and plaintiff was injured because of his negligent acts. This is sufficient to state a claim for vicarious liability and the Motion to Dismiss Count IV is denied.

Finally, Red Bull's argument that plaintiff should be required to identify John Doe (Doc. #6, p. 5) fails. At this point, it is plausible that the identity of John Doe is unknown and will be established through discovery.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant Red Bull Distribution Company, Inc.'s Motion to Dismiss (Doc. #6) is **GRANTED IN PART AND DENIED IN PART.** The motion to dismiss the negligent supervision theory under Count III is granted with leave to amend within **FOURTEEN (14) DAYS** of this Opinion and Order. The Motion is denied in all other respects. If no Amended Complaint is filed, the case will proceed on the Complaint without the negligent supervision theory.

**DONE and ORDERED** at Fort Myers, Florida, this __11th__ day of March, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record