UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASSANDRA HARRISON,

    Plaintiff,

v.                          Case No: 2:19-cv-17-FtM-99MRM

REDBULL DISTRIBUTION COMPANY, INC., a Foreign Profit Corporation, CIRCLE K STORES, INC., a Foreign Profit Corporation, and JOHN DOE,

    Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #13) filed on January 15, 2019. Defendant Red Bull Distribution Company, Inc. filed a Response in Opposition (Doc #19) on January 29, 2019. Plaintiff seeks to remand this case to the Charlotte County Circuit Court arguing that, while she admitted an amount in controversy sufficient to satisfy the federal jurisdictional amount while the case was in state court, defendants may not rely upon that admission in federal court to establish the jurisdictional amount. The Court disagrees, and for the reasons set forth below the Motion is denied.

**I.**

On November 15, 2018, plaintiff Cassandra Harrison filed a four-count Complaint in state court, alleging common law

negligence and premises liability claims.  (Doc. #1.)  The Complaint alleges that plaintiff suffered injuries in a Circle K convenience store when she was struck by a product that fell from a handcart operated by an employee of Red Bull Distribution Company, Inc. (Red Bull).  (Doc. #3.)  The Complaint seeks compensatory damages in excess of $15,000 (the state court jurisdictional amount) for the bodily injury and resulting pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The Complaint further alleges that the losses are permanent and continuing in nature and that she will suffer such losses in the future.  (Id.)

On January 9, 2019, Red Bull filed a Notice of Removal which asserted that this Court has original jurisdiction over the action based upon diversity of citizenship under 28 U.S.C. § 1332(a).  Defendant asserts that the Notice of Removal was filed within 30 days after defendant was served with an "other paper" establishing federal jurisdiction, i.e., plaintiff's response to requests for admission in which plaintiff admitted seeking damages in excess of $75,000.[1]  (Doc. #1, ¶ 8.)  See 28 U.S.C. § 1446(b)(3).  As to the

---

[1] The Notice of Removal also states that Circle K Stores, Inc. consented to the removal.  (Doc. #1, ¶ 21.)

jurisdictional amount in excess of $75,000, the Notice of Removal asserted three grounds of support. First, that plaintiff refused to execute a joint stipulation (Doc. #1-2) that her damages are less than $75,000. Second, plaintiff admitted in a response to a Request for Admission (Doc. #1-4) that the amount in controversy exceeds $75,000, exclusive of interest and costs.[2] And third, that plaintiff alleges in the Complaint that her injuries are permanent and continuing in nature. Plaintiff argues that none of these provide a sufficient basis to establish the federal jurisdictional threshold amount.

## II.

As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003). Defendant must show by a preponderance of the evidence that the amount in controversy exceeds the federal jurisdictional amount. 28 U.S.C. § 1446(c)(2)(B); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). To make such a showing, defendant may use affidavits, declarations, or other documentation. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010).

---

[2] The request for admission stated: "Admit that the amount in controversy exceeds $75,000, exclusive of interest and costs." Plaintiff simply responded "Denied." (Doc. #1-4.)

"[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010).  Additionally, where the initial complaint is not removable solely because the amount in controversy does not exceed the federal jurisdictional amount, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)."  28 U.S.C. § 1446(c)(3)(A).

## III.

The parties do not dispute the diversity of their citizenship.  Thus, the only issue is whether defendant has shown that it is more likely than not that the amount in controversy exceeded $75,000, exclusive of interest and costs, when the initial state court pleading contained an unspecified demand for damages which may be lesser than the $75,000.  The Court finds that defendant has made such a showing.

Plaintiff's failure to stipulate that the amount in controversy does not exceed $75,000, without something more, is insufficient to meet defendants' burden. "There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue."  Best Buy, 269 F.3d at 1320.

In this case, however, the Court has more than the failure to stipulate. In state court, plaintiff filed a response to Requests for Admission which admitted that plaintiff was seeking damages in excess of the federal jurisdictional amount. Plaintiff's argument that defendant cannot use her response to a request for admission to establish the federal jurisdictional amount is mistaken. "[F]ederal law determines whether the exercise of removal jurisdiction was proper, irrespective of state law procedural violations." Castleberry v. Goldome Credit Corp., 408 F.3d 773, 783 (11th Cir. 2005). Federal law allows consideration of discovery responses. 28 U.S.C. § 1446(c)(3)(A). Additionally, it is unlikely that Florida law precludes consideration of such responses, since they are being used in the same proceeding (although in a different forum). Thus, because the removing defendants have shown by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000 exclusive of interest and costs, the Motion to Remand is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion to Remand (Doc. #13) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __12th__ day of March, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record